The opinion of the Court was delivered by
Waudlaw Ch.
It is assumed in the ground of appeal, that the soil covered by the waters of a navigable river belongs to the State, and not to the riparian proprietors. The term navh *78 gable is equivocal. By the common law, rivers are regarded as navigable only to such extent as the tide flows and ebbs; and the property in the beds of rivers navigable in this sense, is undoubtedly in the State. But in our statutes, and in popular speech, navigable rivers mean those which may be navigated by ships or boats; and as to rivers of this class above tide water, it is not to be conceded that the State remains owner of the soil of the beds after granting the lands on both sides. Sir John Leach says, in Wright vs. Howard, 1 Con. Eng. Ch. R. 102, “ prima facie, the proprietor of each bank of a stream is the proprietor of half the land covered by the stream and Sir Matthew Hale remarks, in his treatise de jure maris, &c., c. 1, “if a man be owner of the land of both sides of a fresh river, in common presumption he is owner of the whole river.” In chapter 3 of this celebrated treatise, it is said : “ there be some streams or rivers that are private not only in propriety or ownership, but also in use, as little streams or rivers that are not a common passage for the King’s people. Again, there be other rivers, as well fresh as salt, that are of common or public use for carriage of boats and lighters: and these, whether they are fresh or salt, whether they flow or reflow, or not, are, prima facie, publici juris, common highways for man or goods, or both, as well where they are become to be of private property, as in what parts they are of the King’s propriety.”
Tiger river, concerning the bed of which is the present controversy, is a small stream never floatable at Glenn’s Shoals; and it is a tributary of Broad river, which disembogues into the Con-garee; and we are now sitting withinhearing of the roar of waters over the falls of the Congaree. The case does not require us to determine whether the doctrine of the common law concerning navigable rivers in reference to riparian rights, should not receive some modification as to some of the great rivers of the United States ; and we reserve this question, following the example of the Court of Law in the recent and well considered case of McCullough vs. Wall, 4 Rich. 68. It is truly suggest *79 ed in that case, “ that no authoritative decision has yet been made in this State which has changed the common law on the subject.” And further, to borrow the language of that decision : “ The rivers of our own State are not of remarkable magnitude, and whether we adhere to the common law definition, or consider as navigable all rivers that may be navigated by sea vessels, or all that are by nature floatable, we hesitate not to declare, that this Court, if it should feel itself at liberty, from considerations of public convenience, to assume legislative discretion in the matter, is not likely by any decision to extend the rules which by the common law are applicable to navigable rivers, to any stream above those falls, which by nature obstructed the serviceable use of its water for transportation. Above those falls as below, the right of the public to improve a river, and to use it as a highway, subsists: to that the proprietary right in the soil is subject: but so subject, the proprietary right exists in the owners to whom it has been granted — above the falls, at any rate, as we may now safely say.” We entirely concur in this doctrine as to rivers altogether within the State, reserving our opinions as to rivers which may be conterminous between this and other States. Without discussing the authority of the Court to alter the common law as to navigable rivers, I venture the remark that it would be inexpedient even for the Legislature to divest the proprietors of lands, bounding on rivers above tidewater, of their rights to the soil covered by the waters of the rivers. If the rivers be needed as highways, the proprietary rights are properly subject to a servitude for the public use, as in the case of highways upon land ; but beyond this, there should be no restrictions upon the ownership of the rivers. It would not be safe to adjudge that the mill at Glenn’s Shoals belongs to the State.
The Act of 1784, 2 Brev. Dig. 4, provides, that deputy surveyors, on creeks (arms of the sea) and rivers, navigable for ships or boats, shall lay off their surveys by measuring four chains back from such creek or river for one chain fronting and bounding on the same, and that surveys contravening this regu *80 lation shall be void. It seems that the Surveyor General, in pursuance of this regulation, has instructed his deputies, for a long time past, not to cross navigable creeks or rivers in their surveys. It is argued, that this enactment makes void any grant for land covered by a stream navigable for ships or boats. But it is obvious, that the Legislature merely intended to prevent particular grantees from engrossing river lands, and has determined nothing as to the extent of the rights of grantees of lands bounded by rivers. The instructions of the Surveyor General to his deputies could not alter the law, if they were so intended ; but I do not understand them as aiming at more than to secure to the separate proprietors of opposite banks the ownership of the rivers, usque ad fllum aquoe.
If the foregoing views should be utterly unsound, still the appellant is not entitled to his motion. He bought the land in question according to a plat which represented the forty-three acres, for which he declines to pay, as covered by the stream of Tiger river; and he gave his bond for the purchase money. The general presumption is, that every person knows the law; and in this instance it is no false presumption, for the purchaser is an expert lawyer. He knew what interest he was acquiring in the bed of the river. One may readily conceive circumstances under which land covered by water would be made more valuable than any equal portion of dry land. Such I suppose to be the fact in the present case. At least, there is no evidence that the purchaser is required to pay for more acres than he expected to pay for at the time of his purchase.
The proceedure in the present case seems to be supported by the case of Noble vs. Cunningham, cited in the circuit decree; but it is not clear, that a Chancellor can afford relief to a complaining purchaser, except by opening the biddings. In general the Court must either confirm the sale, or order a resale. It is doubtful whether, in any case, deduction from the amount of the bid should be allowed.
*81 It is ordered and decreed, that the appeal be dismissed, and' the Circuit decree be affirmed.
Johnston, Dunkin and Dargan, CC., concurred.

Decree affirmed.